The Honorable Larry R. Teague State Representative Post Office Box 903 Nashville, Arkansas 71852-0903
Dear Representative Teague:
This is in response to your request for my approval of an "interlocal agreement," concerning the distribution formula for a sales and use tax, to be entered between Howard County and the cities of Mineral Springs, Tollett, Dierks, and Nashville. My approval of interlocal agreements is required in certain instances under A.C.A. § 14-14-910 (1987), and for agreements entered pursuant to the Interlocal Cooperation Act, A.C.A. §25-20-101 et seq. (Repl. 1996). It is, however, my opinion that my approval of the agreement that you have submitted is not necessary under either of these laws.
Municipalities and counties are authorized under A.C.A. § 26-74-214(b)(2) (Repl. 1997) to enter into "interlocal agreement[s]" whereby a sales tax distribution formula other than per capita is agreed upon. See Op. Att'y Gen. 92-256. The title to the act establishing this alternative distribution makes it clear that the intent was to allow for distribution per the formula agreed upon by the cities and county. See Act 61 of 1989 (3rd Ex. Sess.). Although the "interlocal agreement" you have submitted does not refer to § 26-74-214, the agreement does in fact set forth an agreed upon distribution formula for a sales and use tax.
It is my opinion that the submitted agreement is not governed by the Interlocal Cooperation Act. The Interlocal Cooperation Act authorizes agreements for "joint cooperative action" and contemplates a "joint or cooperative undertaking," with a budget and a separate legal or administrative entity, or an administrator or joint board. See A.C.A. §25-20-104. It is my opinion that the general reference in §26-74-214(b)(2) to an "interlocal agreement" does not incorporate these provisions. While the different distribution formula may result in increased payments by the cities for county services or facilities, there is, in my opinion, no joint undertaking or particular governmental organization to effect a joint undertaking, see § 25-20-102, such as is contemplated under the Interlocal Cooperation Act. This office has previously opined that the Interlocal Cooperation Act does not apply to an agreement between governmental units that essentially involves the provision of and payment for services. See Ops. Att'y Gen. 92-256 and 92-180.
In addition, A.C.A. § 14-14-910 authorizes counties to enter into "interlocal agreements," and subsection (e) of that statute requires my approval with respect to any such agreement made by a county which "includ[es] a state or a state agency. . . ." Presumably this requirement is effective when a state or a state agency is a party to the interlocal agreement. See Ops. Att'y Gen. 96-274 and 94-046. It does not appear that the state or a state agency is a party to the agreement at issue.
It is therefore my opinion that my approval of an agreement entered under26-74-214(b)(2) is not necessary. See Op. Att'y Gen. 92-256.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh